Matter of Aris (2019 NY Slip Op 00666)





Matter of Aris


2019 NY Slip Op 00666


Decided on January 31, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

David Friedman, Justice Presiding,
Rosalyn H. Richter
Angela M. Mazzarelli
Barbara R. Kapnick
Ellen Gesmer,Justices.


M-5745

[*1]In the Matter of Joram Jehudah Aris, a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Joram Jehudah Aris, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Joram Jehudah Aris, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on July 16, 1979.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Jeremy S. Garber, of counsel), for petitioner.
Respondent pro se.



PER CURIAM.


Respondent Joram Jehudah Aris was admitted to the practice of law in the State of New York by the First Judicial Department on July 16, 1979. At all times relevant herein, he maintained an office for the practice of law within the First Judicial Department.
The Attorney Grievance Committee (Committee) previously sought respondent's immediate suspension from the practice of law, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(3) and (5), based upon his failure to comply with a lawful demand of the Committee and based upon other uncontroverted evidence of professional misconduct detailing his repeated use of estate funds for his own personal purposes over the course of five years.
Specifically, the Committee alleged that respondent had failed to comply with its demands to produce bank and tax records for the estates of three deceased clients, and he failed to respond to questions regarding his repeated violations of his fiduciary obligations as co-administrator of one of the estates by misappropriating hundreds of thousands of dollars for his own personal purposes, tens of thousands of which passed through his attorney trust account. Interim suspension was also sought based upon uncontroverted evidence of professional misconduct, including bank records, which demonstrated specific instances of his conversion of estate funds (162 AD3d 75, 80-81 [1st Dept 2018]).
Respondent submitted opposition papers wherein he denied that he failed to comply with a lawful demand of the Committee, stated that he was retiring from the practice of law effective February 10, 2018, and was silent as to the allegations of conversion.
By order entered May 10, 2018, this Court granted the Committee's motion and immediately suspended respondent from the practice of law pursuant to 22 NYCRR 1240.9(a)(3) and (5), and until further order of the Court. On May 15, 2018, a notice of entry was served on respondent by first class mail and certified mail return receipt requested. On May 17, 2018, the certified mail receipt was signed for and, thereafter, returned to the Committee. A corrected order issued by the Court on May 18 (which was otherwise identical to the May 10 order, except that it referred to the Committee's supplemental affirmation, respondent's affirmation in opposition and the Committee's affirmation in reply) was served on respondent by a notice of entry dated May 24, 2018, by first class mail and certified mail return receipt requested. On May 26, 2018, the certified mail receipt was signed for and thereafter returned to the Committee.
Both orders advised respondent that, inter alia, he was required to file an affidavit of compliance pursuant to 22 NYCRR 1240.15, and that he may request a post-suspension hearing pursuant to 22 NYCRR 1240.9(c), neither of which he has done.
The Committee's prior notice of motion to suspend contained the following notice:
"PLEASE TAKE FURTHER NOTICE, that pursuant to 22 NYCRR 1240.9(b), an attorney who is suspended pursuant to 22 NYCRR 1240.9(a), and who has failed to respond to or appear for further investigatory or disciplinary proceedings with[in]six months from the date of the order of suspension may be disbarred by the Court without further notice."
The Committee now seeks an order disbarring respondent, pursuant to 22 NYCRR 1240.9(b), on the ground that he was immediately suspended pursuant to 22 NYCRR 1240.9(a)(3) and (5) and has neither responded to nor appeared for further investigatory or disciplinary proceedings within six months from the date of the order of suspension.
Once again, respondent was served with this motion by first class mail and certified mail return receipt, but no response has been filed with the Court.
Accordingly, inasmuch as more than six months have elapsed since this Court's May 10, 2018 suspension order, and respondent has neither responded to, nor appeared for, further [*2]investigatory or disciplinary proceedings, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 1240.9(b) should be granted and his name stricken from the roll of attorneys in the State of New York (Matter of Pomerantz, 166 AD3d 26 [1st Dept 2018]; Matter of Freidman, 162 AD3d 14 [1st Dept 2018]).
All concur.
Order filed. [January 31, 2019]
Motion granted. Respondent is disbarred, and his name is stricken from the roll of attorneys in the State of New York, effective the date hereof.